UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MALLINCKRODT ENTERPRISES LLC, et al.,<br><br>    Defendants. | Case No. 3:17-cv-06565-JD<br><br>**ORDER RE TRANSFER**<br><br>Re: Dkt. No. 39 |

Plaintiff Coleman is a Nebraska resident and former Midwest regional sales manager for defendants Questor Pharmaceuticals and its successor acquirer, Mallinckrodt Enterprises LLC ("Mallinckrodt"), which is headquartered in St. Louis, Missouri. Dkt. No. 1, Exh. A. Coleman sued defendants in this district, alleging claims under California employment law, the California and Federal False Claims Acts, negligent hiring and supervision, concealment, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. *Id*. Mallinckrodt filed a motion to transfer, Dkt. No. 39, and a motion to compel arbitration, Dkt. No. 38. The Court grants the motion to transfer to the Eastern District of Missouri. The motion to compel arbitration is terminated without prejudice, and may be presented in the transferee district as warranted and permitted there.

The parties agree that venue was appropriate here and would be also be proper in Missouri. *See* Dkt. No. 42 at 6. They do not raise any dispute about personal jurisdiction in either forum. Mallinckrodt seeks a transfer on convenience grounds under 28 U.S.C. Section 1404(a), which provides in pertinent part that "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in

the interest of justice."

To determine whether transfer promotes "convenience and fairness," the Court weighs several factors, including the location of witnesses and evidence, the contacts relating to the causes of action in the chosen forum, the relevant public policy of the forum state, and the plaintiff's choice of forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). As these factors indicate, the goal is to have the case litigated and tried in the optimal district for judicial and party resources, efficiency, and fairness.

Overall, it makes better sense to have this case handled in Missouri. It is certainly true, as Coleman says, that a plaintiff is afforded considerable leeway in choosing among proper venues, but that is not a dispositive factor here. *See Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-CV-03889-JD, 2018 WL 3549122, at *2 (N.D. Cal. July 24, 2018). The complaint states that he resides in Nebraska and that his employment, from which his claims spring, was centered in the Midwest. Dkt. No. 1, Exh. A, ¶¶ 1, 16, 40, 43. It appears that Coleman was originally hired by Questcor Pharmaceuticals, which was headquartered in California. Declaration of Jeffrey Coleman, Dkt. No. 42-1, ¶¶ 3-4. Even so, Questcor was acquired by Mallinckrodt in 2014, and Mallinckrodt's headquarters are in St. Louis. Declaration of Angela Woods, Dkt. No. 39-2, ¶¶ 2-3. In addition, the complaint says that Coleman "interacted" with Questcor, Dkt. No. 1, Exh. A, ¶ 19, but does not otherwise show that any material events took place in California. The fact that Coleman is not a California resident also undercuts deference to his choice of forum. *See Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998).

The location of documents and potential witnesses does not count solidly toward keeping the case here. Mallinckrodt's headquarters are in St. Louis. All documents and policies relating to Coleman's employment and compliance complaints to Mallinckrodt appear to be maintained in St. Louis or the Mallinckrodt office in New Jersey. Woods Decl., Dkt. No. 39-2, ¶¶ 12-15. Witness convenience is largely about trial convenience for non-party witnesses. *Van Mourik*, 2018 WL 3549122, at *2. The vast majority of the non-party witnesses Coleman identified in his initial disclosures are located in midwestern and southeastern states, like Nebraska and Florida. *See* Dkt.

2

1  No. 39-1, Exh. 1 at 2-6.  Although Coleman points to four non-party witnesses in California who he says have "critical information," Dkt. No. 42 at 9, he does not explain why that weighs materially in favor of keeping the case in this district when the majority of witnesses live outside of it.  *See Van Mourik*, 2018 WL 3549122, at *2.

California's interest in the case is limited.  As noted, Questcor was acquired by Mallinckrodt in 2014 and the California offices closed before Coleman brought this lawsuit.  Woods Decl., Dkt. No. 39-2, ¶ 3.  Coleman supervised sales representatives in the Midwest, not in California, and he brought his compliance complaints after Mallinckrodt acquired Questcor.  Dkt. No. 1, Exh. A, ¶¶ 25, 44.

As a final consideration, the Court notes that the Eastern District of Missouri is perfectly capable of applying California law, should those claims proceed in the case.  It is also located in a geographically convenient area for the widely dispersed witnesses, and is no less accessible than this district for court appearances.

Consequently, the circumstances as a whole support a transfer of this case to the Eastern District of Missouri.

**IT IS SO ORDERED.**

Dated: April 23, 2019

JAMES DONATO
United States District Judge