UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-972 CAS |
| MALLINCKRODT ENTERPRISES LLC, et al., | ) |
| Defendants. | ) |

# JOINT STATEMENT

**(a)** **A brief statement of the facts and procedural history of the state and federal court proceedings;**

Plaintiff filed this case on September 15, 2017 in the State of California, County of Alameda Superior Court. Defendants timely answered the complaint, denying the allegations, on November 13, 2017. On the same day, Defendants also timely removed this case, based on diversity jurisdiction, to the District Court for Northern District of California.

On February 5, 2018, the parties completed their selection of a mandatory alternative dispute resolution process (per local rules of the Northern District of California), opting to participate in mediation.

The parties exchanged initial disclosures pursuant to the Federal Rules of Civil Procedure on February 15, 2018.

1

Defendants then moved to compel arbitration on May 1, 2018 and, in the alternative, moved to transfer this case on May 3, 2018.

In light of these motions relating to the appropriate forum of this litigation, the parties did not conduct any additional discovery nor schedule mediation with the Northern District of California.

The Northern District of California granted Defendants' motion to transfer on April 23, 2019, transferring the case to this Court. The Northern District also terminated the motion to compel arbitration without prejudice, ruling that it could be re-filed in this Court after transfer as warranted.

**(b)**     **the issues remaining for determination;**

Defendants will re-file their motion to compel arbitration, which is the first issue that remains open for determination.

All factual and legal issues relating to Plaintiff's 10 claims for relief, and Defendants' affirmative defenses, remain for determination at this time in light of the case activity described above.

**(c)**     **a summary of the outcome of mediation;**

In light of the motions that were pending in the Northern District until recently, the parties have not participated in mediation.

**(d)**     **the potential for settlement, and the status though not the content of any offers of settlement;**

<u>Plaintiff's Position</u>: Plaintiff is open to participating in reasonable efforts toward early resolution, however, based on prior discussions, Plaintiff anticipates that Defendants and

Plaintiff will disagree as to what is a reasonable demand for this case and likely some discovery efforts will need to move forward. To date, no substantive settlement discussions have taken place.

Defendants' Position: Defendants are open to participating in reasonable efforts toward early resolution if Plaintiff makes a reasonable demand. To date, no substantive settlement discussions have taken place.

**(e)** **whether Mallinckrodt intends to refile its motion to compel arbitration and stay proceedings; and**

Yes, Mallinckrodt intends to refile its motion to compel arbitration.

**(f)** **when it is reasonably likely this case would be ready to proceed to trial.**

Plaintiff's Position: Plaintiff anticipates that the case would be trial-ready 12 – 15 months following a ruling on a motion to compel arbitration, if this case were not transferred to arbitration. Plaintiff agrees with Defendants' position below to the extent that there will be significant discovery, including out-of-state depositions, and discovery disputes. However, Plaintiff believes a 12-15 trial date window is more appropriate.

Defendants' Position: Defendants anticipate that the case would be trial-ready 15-18 months following a ruling on a motion to compel arbitration, if this case were not transferred to arbitration. We anticipate document discovery will require significant time as the wide range of Plaintiff's claims may involve a broad range of documents that require significant effort to retrieve and produce. We anticipate that, for this reason, the parties may also have disputes as to the relevancy and discoverability of certain sensitive business documents. Additionally, we anticipate the case will involve several out-of-

state and third-party witnesses that can be difficult to depose or to obtain documents from.

Dated this 22nd day of May, 2019.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Gregory C. Cheng*

Gregory C. Cheng,
(Federal Bar No. 226865CA)
Roshni C. Kapoor
(Federal Bar No. 310612CA)
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415-442-4810
Facsimile: 415-442-4870
gregory.cheng@ogletree.com
roshni.kapoor@ogletree.com

Attorneys for Defendant
MALLINCKRODT ENTERPRISES LLC

QUADE & ASSOCIATES, a PLC

Michael W. Quade
(Federal Bar No. 171903CA)
Cheryl L. Gustafson
(Federal Bar No. 234490CA)
3377 Carmel Mountain Road, Suite 250
San. Diego, California 92121
Telephone: 858.642.1700
Facsimile: 858.642.1778

Attorneys for Plaintiff
JEFFREY COLEMAN