# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-972 CAS |
| ) | |
| MALLINCKRODT ENTERPRISES LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Mallinckrodt Enterprises LLC's ("MNK") Motion to Compel Arbitration and Stay Proceedings. Plaintiff Jeffrey Coleman opposes the motion and it is fully briefed. For the following reasons, the motion to compel arbitration and stay proceedings will be granted.

**I.  Background**

Plaintiff filed this action on September 15, 2017 in the Superior Court of the State of California, County of Alameda, against defendants, his former employers. The complaint asserts claims for non-payment of wages; adverse employment action (termination and retaliation) in violation of public policy; negligent hiring, supervision and retention; violation of California Labor Code § 1102.5 (retaliation); violation of Federal False Claims Act (retaliation); concealment; breach of employment contract; breach of implied covenant of good faith and fair dealing; unjust enrichment; and failure to provide employee file.

On November 13, 2017, MNK removed this case to the United States District Court for the Northern District of California, pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and

diversity of citizenship, 28 U.S.C. § 1332. (Doc. 1). On May 3, 2018, MNK filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) on the grounds that litigating this action in the Eastern District of Missouri would be in the interests of justice and more convenient for the parties and witnesses. (Doc. 39). On April 25, 2019, the motion was granted and the case was transferred to this Court. (Docs. 46, 47).

Plaintiff and MNK assert that California law applies to this contract dispute. The Court agrees. See Wisland v. Admiral Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997) (if transfer is based on convenience of parties and witnesses, pursuant to § 1404(a), the law of the transferor court applies) (citing Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) (applying the state law of the transferor court)).

In the complaint, plaintiff alleges he began employment with Questcor Pharmaceuticals, Inc. ("Questcor") in July 2011 as a Regional Sales Manager. Plaintiff alleges he was hired to train and deploy representatives to sell the drug, H.P. Acthar Gel ("Acthar"), an injectable anti-inflammatory. Plaintiff states his income consisted of a base salary, stock options, and the potential to earn additional pay via a sales and performance incentive compensation program called, in part, the Incentive Bonus Plan. In accepting and continuing his employment with defendants, plaintiff states he relied on the Incentive Bonus Plan to increase his base salary.

In 2014, Mallinckrodt Enterprises LLC, Mallinckrodt LLC, and Enterprises Holdings, Inc. (collectively "Mallinckrodt") purchased and merged with Questcor. During plaintiff's employment with Questcor and subsequently Mallinckrodt, plaintiff alleges defendants encouraged him to illegally promote and sell Acthar for uses which had not been approved by the Food and Drug Administration ("FDA"). As a result of plaintiff's refusal to engage in improper sales practices, he

alleges he was unfairly penalized by his inability to meet unrealistic and fraudulently based Incentive Bonus Plan goals. Plaintiff further alleges he could not meet his regional sales goals because defendants retaliated against him by relocating some of his key sales representatives, which left him with a less than full staff.

Plaintiff alleges he was constructively terminated on September 18, 2015 due to a disadvantaged work environment and unfair treatment as a direct result of refusing to promote the off-label use of Acthar and voicing complaints about such sales practices to his superiors.

**II.    MNK's Motion to Compel Arbitration and the Parties' Positions**

MNK moves to compel arbitration and stay the proceedings pursuant to 9 U.S.C. §§ 3 and 4. MNK argues that plaintiff received an Employee Handbook at the start of his employment with Questcor, which contained a binding and enforceable Dispute Resolution Process/Arbitration Clause ("Arbitration Clause"). MNK attached to its motion to compel plaintiff's "ACKNOWLEDGMENT OF RECEIPT" of the Employee Handbook, signed and dated by plaintiff on July 22, 2011. Doc. 64-3. MNK argues that the Arbitration Clause covers all of plaintiff's claims. The Arbitration Clause states in part:

> The Company's Dispute Resolution Process through mutual binding arbitration applies to the Company and to all employees of Questcor, regardless of the length of service or status, and covers all disputes or claims between an employee and Questcor, including, but not limited to those relating to an employee's employment, compensation or the termination of employment.
> . . . .
>
> You and Questcor agree that arbitration will be conducted before a neutral experienced arbitrator chosen jointly by you and the Company, and will be conducted under the Employment Arbitration Rules of the American Arbitration Association ("AAA"). A copy of these rules can be obtained at http://www.adr.org/.

Doc. 64-3 at 12.

MNK contends that any dispute regarding enforceability of the Arbitration Clause should be decided by an arbitrator because the clause incorporates the rules of the American Arbitration Association ("AAA"), which provide that an "arbitrator shall have the power to rule on his or her own jurisdiction including any objections with respect to the existence, scope or validity of the arbitration agreement." Rule 6.a of the AAA Rules of Employment Arbitration Rules and Mediation Procedures. MNK argues that by incorporating the AAA's rules in the Arbitration Clause, the parties agreed to allow an arbitrator to determine threshold questions of arbitrability, including whether the agreement itself is valid. In the alternative, MNK argues that if this Court finds it appropriate to determine the issue of arbitrability, the Court must find a valid arbitration agreement exists covering plaintiff's claims.

Plaintiff opposes the motion to compel arbitration, arguing that the Arbitration Clause is unenforceable because plaintiff never consented to it. Plaintiff contends that this Court, not an arbitrator, must determine the enforceability of the Arbitration Clause because a party who contests the making of a contract containing an arbitration provision should not be compelled to arbitrate the threshold issue of its existence.

Plaintiff further argues that he did not assent to an agreement to arbitrate and no contract was formed under California law for the following reasons: (1) plaintiff's offer letter for employment with Questcor, dated June 13, 2011 and executed on June 17, 2011, made no mention of a requirement to arbitrate; (2) on July 18, 2011, the date plaintiff commenced his employment with Questcor, plaintiff did not execute an agreement to arbitrate; and (3) on July 22, 2011, four days after the commencement of his employment, plaintiff executed an "ACKNOWLEDGMENT OF

4

RECEIPT" of Questcor's Employment Handbook, in which he acknowledged receipt of the document, not that he read or understood its contents.

In sum, plaintiff contests that he did not assent to the Arbitration Clause because when he received the Employment Handbook he had already accepted employment, which was not conditioned on an agreement to arbitrate, and he never acknowledged that he read or consented to the Arbitration Clause in the Employee Handbook. Plaintiff also argues that the Arbitration Clause should be invalidated because it was "buried" within the Employee Handbook.

### III. Discussion

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (1994), "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The FAA declares that written agreements to resolve disputes through arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1994). The effect of the FAA was to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). In Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001), the Supreme Court held that the FAA's provisions apply to arbitration agreements covering employment-related claims. Id. at 1311.

"The Federal Arbitration Act ("FAA") provides that agreements to arbitrate are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Gutierrez v. Sea World LLC, 2014 WL 4829087, at *2 (S.D. Cal. Sept. 26, 2014) (quoting AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)). "The FAA's purpose

is to "'ensur[e] that private arbitration agreements are enforced.'" Id. (quoting Mortensen v. Bresnan Commc'ns, LLC, 722 F.3d 1151, 1159 (9th Cir. 2013)). Although California has a strong public policy favoring arbitration, courts will not compel arbitration where it was not agreed to. Id.; see also United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). The existence of an agreement is, therefore, a prerequisite and the party compelling arbitration must prove the existence of such agreement by a preponderance of the evidence. Id.

"The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" Kilgore v. KeyBank Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). Contrary to MNK's arguments, the question of a contract's validity is appropriate for judicial determination. See Rejuso v. Brookdale Senior Living Communities, Inc., 2018 WL 6174764, at *4 (C.D. Cal. June 5, 2018) (internal quotation omitted) ("Under California law, the trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence . . . to reach a final determination" as to whether the parties formed a valid contract that binds them to arbitrate their dispute.).

When deciding whether the parties agreed to arbitrate a certain matter, including the question of arbitrability, courts apply ordinary state law contract principles. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "Under California law, the essential elements for a contract are (1) 'parties capable of contracting;' (2) 'their consent;' (3) 'a lawful object;' and (4) 'sufficient cause or consideration.'"

U.S. ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999) (quoting Cal. Civ.Code § 1550 (West 1999); Marshall & Co. v. Weisel, 242 Cal. App. 2d 191, 51 Cal. Rptr. 183, 187 (1966)). Plaintiff contests his consent to the Arbitration Clause in Questcor's Employee Handbook. Plaintiff also alludes to the possibility that he is not a sophisticated party capable to contract, however, plaintiff provides no arguments or facts to support such a challenge. Plaintiff does not dispute the lawful object or consideration elements.

In the event plaintiff intends to argue he was not a party capable of contracting, the Court cannot agree. Plaintiff was hired by Questcor as a Regional Sales Manager with a base salary of $160,000, plus bonuses and stock options. Doc. 65-2. In his complaint, plaintiff states that at the time he was hired in 2011, he had "approximately 20 years experience in [] pharmaceutical/biotech sales, with a proven sales record." Doc. 48 at ¶ 16. These facts fully support a finding that plaintiff is a sophisticated party capable of entering into contracts without assistance. See, e.g., Choksi v. Airpush, Inc., 2015 WL 12806465, at *4 (C.D. Cal. Nov. 4, 2015) (finding employee to be a sophisticated party able to contract for arbitration based on his six-figure salary, stock options, and business experience).

As to plaintiff's primary argument, lack of consent to arbitrate, plaintiff admits he signed and dated a form supplied by Questcor entitled, "ACKNOWLEDGMENT OF RECEIPT - EMPLOYEE HANDBOOK" on July 22, 2011. Plaintiff argues, however, he cannot be bound to the terms within the Employee Handbook, which includes the Arbitration Clause, because he received the Employee Handbook four days after his start date of June 18, 2011.

What plaintiff fails to address in his argument is the fact that Questcor submitted a written offer of employment to him on June 17, 2011, which plaintiff signed and accepted. The offer of

employment provides in part: "You agree to abide by the Company's policies and procedures, including those set forth in the Employee Handbook. You will be required to sign an Acknowledgment of Receipt for this Handbook." Doc. 65-2. Thus, prior to his acceptance of employment, plaintiff was alerted to the fact that he would be required to follow certain policies and procedures, which were outlined in the Employee Handbook that he would receive on a future date.

"'[A]n offeree, knowing that an offer has been made to him but not knowing all of its terms, may be held to have accepted, by his conduct, whatever terms the offer contains.'" DeVoe v. Wang, 2018 WL 6016946, at *3 (C.D. Cal. June 4, 2018) (quoting Knutson v. Sirius XM Radio, Inc., 771 F.3d 559, 565 (9th Cir. 2014) (enforcing arbitration agreement because plaintiff signed acknowledgment of document containing arbitration clause)); see also 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 1215 (Cal. Ct. App. 1998) (finding that signing an acknowledgment of receiving an employment handbook was sufficient to show assent to the arbitration policy).

Plaintiff accepted employment subject to the terms of an Employee Handbook. Within the first week of employment, plaintiff received and acknowledged receipt of the Employee Handbook and proceeded to continue his employment with Questcor, and subsequently MNK, for four years. Plaintiff's signature acknowledging receipt of the Employee Handbook indicated his acquiescence to the regulations and procedures contained therein, including his consent to the Arbitration Clause. Signing the Acknowledgment was required for acceptance of employment as per the Questcor's offer letter. All of the case law cited in plaintiff's Memorandum in Opposition is distinguishable because here, plaintiff was on notice via his offer letter that his employment was conditioned on acceptance of all the terms in the Employee Handbook.

Plaintiff also argues that he could not have consented because the Arbitration Clause was buried within a 73-page Employee Handbook. This argument is not supported by the evidence. The first page of the Employee Handbook includes a Table of Contents indicating that a "Dispute Resolution Process/Arbitration" section is located on page seven. Doc. 64-3, at i. The Introduction of the Employee Handbook additionally provides, "You should be aware that, except for the Company's employment at will policy and Dispute Resolution Process/Arbitration, the policies, procedures and benefits described in this handbook may be changed from time to time." Id. at 5. One page after the Introduction is the two-page Arbitration Clause with the clearly marked heading: "Dispute Resolution Process/Arbitration." Id. at 6-8. These aspects of the Arbitration Clause weigh against plaintiff's argument that it was buried or hidden so as to negate consent. See, e.g., Kilgore v. KeyBank, Nat'l. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2013) (holding that there is no procedural unconscionability where arbitration clause was not "buried in fine print," but was instead "in its own section" and "clearly labeled"). Accordingly, plaintiff has been found to have consented to a valid Arbitration Clause and none of his arguments provide a basis for denial of MNK's motion to compel arbitration.

## IV. Conclusion

Based on the foregoing, the Court concludes that the Arbitration Clause between plaintiff and MNK is valid. The parties do not dispute that plaintiff's employment claims fall within the scope of the Arbitration Clause. Because the Arbitration Clause is valid and all of the claims in this action against defendants are subject to arbitration, defendant MNK's motion to compel arbitration will be granted. This matter will be stayed and administratively closed pending completion of the arbitration proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mallinckrodt Enterprises LLC's Motion to Compel Arbitration and Stay Proceedings is **GRANTED**. [Doc. 64]

**IT IS FURTHER ORDERED** that pursuant to 9 U.S.C. § 4, the parties shall proceed to arbitration in accordance with the Arbitration Clause.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending completion of the arbitration and the Clerk of the Court is directed to administratively close the case.

**IT IS FURTHER ORDERED** that the parties shall file a Notice to the Court within ten (10) days of the completion of arbitration.

**IT IS FURTHER ORDERED** that this case may be reopened upon motion of either party following the completion of arbitration.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of August, 2019.